UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH D. GANDY, #94933                                                     PLAINTIFF

V.                                        CIVIL ACTION NO. 3:20-CV-230-DPJ-FKB

DAVID TURNER, ET AL.                                        DEFENDANTS

ORDER

This civil-rights case is before the Court on pro se Plaintiff Kenneth D. Gandy's Motion for Relief from Judgment [5]. Gandy, an inmate of the Mississippi Department of Corrections, moves the Court to reconsider the Order dismissing his case without prejudice. *See* Order [3]; Final Judgment [4]. Because he offers no basis for relief, Gandy's motion [5] is denied.

I.      Background

Gandy filed this civil action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during the litigation over his 2003 habeas corpus petition, *Gandy v. Turner*, No. 4:03-CV-338. As defendants, Gandy named: (1) David Turner, Respondent in his 2003 habeas case; (2) Mike Moore, former Attorney General of Mississippi; and (3) Honorable Tom S. Lee, the United States District Judge that dismissed Gandy's 2003 habeas petition.

When Gandy filed this suit, he did not pre-pay the filing fee and instead filed a motion seeking leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(g). *See* Mot. [2]. If granted, pre-payment would be waived. 28 U.S.C. § 1915(g). But the Court denied that request because Gandy had three or more prior actions or appeals dismissed as frivolous, malicious, or because they failed to state a claim. Order [3] at 2–3 (citing 28 U.S.C. § 1915(g)). Moreover, Gandy could not satisfy the imminent-danger exception to the three-strike rule because his claims addressed past injuries. *Id.* at 3. The Court therefore denied IFP status and dismissed the

case for Gandy's failure to pre-pay the filing fee; dismissal was without prejudice to refiling. *See id.*

II.     Discussion

Gandy now seeks relief from judgment under Federal Rule of Civil Procedure 60, but his motion misconstrues the Court's order and the accompanying judgment. Gandy seems to believe the Court dismissed his case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Mot. [5] at 5–6. In his motion, he cites the Rule 12(b)(6) standard and notes that a complaint is sufficient if it "include[s] enough factual matter to make a claim plausible." *Id.* (citation omitted). He then argues that the Court misunderstood his claims, *id.* at 6, and that they are sufficiently pleaded to survive dismissal, *id.* at 7.

To be clear, the Court did *not* dismiss the Complaint for failure to state a claim. *See* Order [3] at 3. The Court dismissed the Complaint—without prejudice to refiling—because Gandy had not pre-paid the filing fee. *Id.* Gandy's current motion does not address that holding or the Court's finding that he is disqualified from seeking IFP status under § 1915(g). Gandy has not, therefore, stated a basis for relief from judgment.

III.    Conclusion

The Court has considered the pleadings and applicable law. For the foregoing reasons, Gandy's Motion for Relief from Judgement [5] is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that pro se Plaintiff Kenneth D. Gandy's Motion for Relief from Judgement [5] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2020.

              s/ *Daniel P. Jordan III*
              CHIEF UNITED STATES DISTRICT JUDGE