UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH D. GANDY, #94933                                                              PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:20-CV-230-DPJ-FKB

DAVID TURNER, ET AL.                                                                DEFENDANTS

ORDER

This civil-rights case is before the Court on pro se Plaintiff Kenneth D. Gandy's Motion to Reopen the Time to File an Appeal [39].  Because Gandy fails to satisfy the conditions of Federal Rule of Appellate Procedure 4(a)(6), his motion [39] is denied.

I.      Background

Gandy, an inmate of the Mississippi Department of Corrections, filed this civil action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during the litigation over his 2003 habeas corpus petition, *Gandy v. Turner*, No. 4:03-CV-338.  When Gandy filed this suit, he did not pre-pay the filing fee and instead filed a motion seeking leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.  *See* Mot. [2].  On April 21, 2020, the Court denied that request because Gandy had three or more prior actions or appeals dismissed as frivolous, malicious, or because they failed to state a claim.  Order [3] at 2–3 (citing 28 U.S.C. § 1915(g)).  The Court therefore denied IFP status and dismissed the case for Gandy's failure to pre-pay the filing fee; dismissal was without prejudice to refiling.  *See* J. [4].

On June 17, 2020, the Court denied Gandy's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60.  Order [6].  On September 9, 2021, Gandy filed a Notice of Appeal [16], which the United States Court of Appeals for the Fifth Circuit dismissed on December 15, 2021, for Gandy's failure to timely pay the appeal fee.  *See* ECF No. [23] (copy of

Judgment for *Gandy v. Turner*, No. 21-60707 (5th Cir. Dec. 15, 2021)); *see also* Order [18] (denying leave to proceed IFP on appeal).

Since that time, Gandy filed two Petitions for Writ of Mandamus in this case. *See* Pet. [27]; Pet. [31]. The Fifth Circuit dismissed both for want of prosecution. *See* ECF No. [30] (copy of dismissal order for *In re Gandy*, No. 22-60210 (5th Cir. June 9, 2022)); ECF No. [35] (copy of dismissal order for *In re Gandy*, No. 22-60447 (5th Cir. Oct. 7, 2022)). Additionally, Gandy filed eleven other post-judgment motions that this Court denied. *See* Order [33] (denying Mot. [32]); Order [29] (denying Mot. [28]); Order [26] (denying Mots. [24],[25]); Order [20] (denying Mot. [19]); Order [14] (denying Mots. [12],[13]); Order [11] (denying Mots. [7], [8], [9], [10]).

II.   Discussion

Gandy's current Motion [39] cites to Federal Rule of Appellate Procedure 4(a)(6) and seeks the reopening of the time to file an appeal. That rule states:

> Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Gandy appears to argue that he did not receive notice of the entry of judgment within the time frame provided in Rule 4(a)(6)(A) and that he timely filed this Motion [39] under Rule 4(a)(6)(B).

2

It is not entirely clear what Gandy wishes to appeal, but the only two rulings from the District Court that he mentions in his motion are the judgment [4] entered April 21, 2020, and an order [11] entered by the magistrate judge on November 3, 2020.  As to either, Gandy's Motion [39] is untimely under Rule 4(a)(6).  Starting with the judgment, Gandy filed a motion seeking relief from judgment just 17 days after the judgment was entered.  *See* Mot. for Leave to File for Relief from J. [5].  Thus, he cannot satisfy Rule 4(a)(6)(A) because he received notice within 21 days.  Even if he didn't, he cannot meet Rule 4(a)(6)(B) because he waited more than 180 days to file his motion to reopen.  As to the magistrate judge's order, he filed a motion seeking leave to object [12] 27 days after entry.  Assuming he did not receive notice of the order within 21 days, he still falls short under Rule 4(a)(6)(B) because he filed the present motion almost two years after the rule's 180-day window closed.

III.     Conclusion

The Court has considered the pleadings and applicable law.  For reasons explained above, Gandy's Motion to Reopen the Time to File an Appeal [39] is denied.

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE